# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 02 C 4511 | **DATE** | ½/2003 |
| **CASE TITLE** | HORACE J. GRIFFIN vs. JERRY D. GILMORE | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **The petition for a writ of habeas corpus is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JAN - 3 2003 | | |
| ✓ | Docketing to mail notices. | date docketed | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 86 |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| DW | courtroom deputy's initials | 03 JAN -2 PH 5: 27 | date mailed notice | |
| | | 0 Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES OF AMERICA ex rel.
HORACE J. GRIFFIN,

    Petitioner,

        v.

JERRY D. GILMORE,

    Respondent.

No. 99 C 4511
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

After exhausting state remedies, Horace Griffin, who is serving 25 years for robbery followed by a consecutive sentence of 5 years for aggravated battery, seeks habeas corpus. The case is not complex. The victim, walking on a sidewalk at night, was attacked by Griffin and his co-defendant (who plead guilty and was sentenced to seven years). Griffin sprayed something in the victim's eyes and then hit him in the face. Before fleeing with his wallet and cigarettes, Griffin repeatedly struck and kicked the victim. The two assailants then drove away in a burgundy car. A witness, driving by, noticed the burgundy car. She allowed it to proceed in front of her. She saw the victim run toward her, pointing to the vehicle. The victim did not speak English so she called the police on her cellular telephone. At about the same time, a police officer stopped the burgundy car because its lights were off and then arrested the defendant when he could not produce a driver's license. The officer then learned about the robbery and that the witness had followed the burgundy vehicle. He spoke to the witness, and the two went back to the crime scene to talk to the victim, who, in broken English, identified the petitioner and co-defendant as the perpetrators. Upon learning this information, the officer went to the burgundy



vehicle and found a wallet containing a paper with Polish writing on the center console. By his own choice, Griffin represented himself at all stages of the proceeding including trial.[1]

Griffin has raised many issues, but some of these claims are not appropriate in federal habeas corpus. First, the search and seizure claims are barred by *Stone v. Powell*, 428 U.S. 465 (1976). In any event, the claims are hopeless because the officer's stopping a car for driving without lights, arresting the driver who could not produce a valid license, examining what was in plain view within the car, and seizing the wallet upon learning what the victim and the witness had to say were all permissible. Griffin's sentence claims are not constitutional in dimension; the sentence imposed was within statutory limits and, given the fact that the perpetrator repeatedly struck the victim, was neither arbitrary nor capricious. Griffin's claims about the flaws in appellate process are likewise without merit because they were stated for the first and only time in his Petition for Leave to Appeal and thus were not presented in the proper way. *Cruz v. Warden*, 907 F.3rd 665 (7th Cir. 1990).

Griffin's remaining claims are equally meritless. His claim about failure of proof beyond a reasonable doubt is, on this record, absurd. A jury was certainly entitled to believe the victim, the witness, and the police officer. There was no failure of proof as defined in *Jackson v. Virginia*, 443 U.S. 307 (1979), because even were I to disagree with the Appellate Court, I could

---

[1] Griffin started out with a lawyer, but then insisted on representing himself assuring the court that he had "litigated" several cases and had "appeared in court before a jury and made opening statements, and [was] there for the presentation of evidence and made objections as to offers of evidence." One of his complaints about the handling of his case is his claim that his co-defendant told his lawyer that he, the co-defendant, was going to exonerate the petitioner. This statement has been repeated throughout the process, but petitioner's assertion that this statement was made is hearsay and, in all the proceedings since firing his lawyer, the petitioner never filed an affidavit from either the lawyer or the co-defendant to verify the assertion. Nor has he filed a copy of the co-defendant's plea of guilty. His claims are consistently unsupported.

not say it misapplied Supreme Court doctrine. I also reject the claim that defense counsel was, for the brief period of time he was in the case, constitutionally ineffective because the Appellate Court, applying the proper standards, found that none of counsel's alleged errors could have had any effect on the trial. It is difficult to see how it could have come to any other conclusion. The trial judge rejected on the merits the denial of access to law library claim because he found that Griffin had not been denied use and had made only two requests – not as many he had alleged. This finding is binding here and thus destroys the claim. The same is true of the trial court's finding regarding the prosecution's full compliance with it duties to provide discovery and disclosure. Finally, I reject petitioner's claim that he was denied the right to call witnesses because he issued no witness subpoenas despite being given extra time to do so and because nothing in the record allows me to conclude that any witnesses would have assisted petitioner in any way. The Appellate Court's ruling was therefore in accord with existing law.

What Griffin has done is file many pages of quotations and string citations from cases. What he has not done is show how any of this applies to his case. Of the hundreds of pages filed, there are just a scattering of paragraphs devoted to the facts of his case. This is not surprising. A cleanly written version of his briefs and papers would have defeated his claims on their face.

Griffin's Petition for Writ of Habeas Corpus is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 2 / 2002